1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>       Plaintiff,<br><br>    v.<br><br>H&K PARTNERSHIP, a California partnership dba Best Economy Inn & Suites,<br><br>       Defendant. | Case No.: 1:16-cv-1406-AWI-JLT<br><br>ORDER GRANTING 14-DAY EXTENSION OF TIME TO RESPOND TO ORDER TO SHOW CAUSE |
| THERESA BROOKE,<br><br>       Plaintiff,<br><br>    v.<br><br>C & S CHONG INVESTMENT CORPORATION, a California corporation dba La Quinta Inn Bakersfield North,<br><br>       Defendant. | Case No.: 1:16-cv-1407-LJO-JLT |
| THERESA BROOKE,<br><br>       Plaintiff,<br><br>    v.<br><br>JDS HOSPITALITY GROUP, LLC, a California limited liability company dba Days Inn Bakersfield,<br><br>       Defendant. | Case No.: 1:16-cv-1408-DAD-JLT |

| | |
|---|---|
| THERESA BROOKE, | Case No.: 1:16-cv-1409-AWI-JLT |
| Plaintiff, | |
| v. | |
| JHP HOSPITALITY GROUP, INC., a California corporation dba Ramada Limited Bakersfield North, | |
| Defendant. | |
| THERESA BROOKE, | Case No.: 1:16-cv-1410-LJO-JLT |
| Plaintiff, | |
| v. | |
| D.P.R.L. INVESTMENTS, LLC, a California limited liability company dba Hotel Rosedale, | |
| Defendant. | |
| THERESA BROOKE, | Case No.: 1:16-cv-1411-DAD-JLT |
| Plaintiff, | |
| v. | |
| KOO JIN HYUN & CHU MYUNG HEE, trustees of the KOO JIN HYUN & CHU MYUNG HEE TRUST dba Hampton Inn & Suites Bakersfield North-Airport, | |
| Defendants. | |
| THERESA BROOKE, | Case No.: 1:16-cv-1414- LJO-JLT |
| Plaintiff, | |
| v. | |
| PRIME HOSPITALITY SERVICES, LLC, a California limited liability company dba Hampton Inn & Suites Bakersfield/Hwy 58, | |
| Defendant. | |

| | | |
|---|---|---|
| 1 | THERESA BROOKE, | Case No.: 1:16-cv-1415-LJO-JLT |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | RP GOLDEN STATE MGT, LLC, a California limited liability company dba Garden Suites Inn, | |
| 5 | | |
| 6 | Defendant. | |
| 7 | ──────────────────────────── | |
| 8 | THERESA BROOKE, | Case No.: 1:16-cv-1449-LJO -JLT |
| 9 | Plaintiff, | |
| 10 | v. | |
| 11 | KPK, INC., a California corporation dba Travelodge Turlock, | |
| 12 | Defendant. | |
| 13 | | |
| 14 | ──────────────────────────── | |
| | THERESA BROOKE, | Case No.: 1:16-cv-1454-DAD-JLT |
| 15 | | |
| | Plaintiff, | |
| 16 | | |
| 17 | v. | |
| 18 | LILJENQUIST MODESTO COMPANY, LLC, a California limited liability company dba Modesto Hotel, | |
| 19 | Defendant. | |
| 20 | | |
| 21 | ──────────────────────────── | |
| 22 | THERESA BROOKE, | Case No.: 1:16-cv-1455- DAD-JLT |
| 23 | Plaintiff, | |
| 24 | v. | |
| 25 | METRO HOSPITALITY SERVICES, INC., a California corporation dba Hampton Inn Fresno NW, | |
| 26 | | |
| 27 | Defendant. | |
| 28 | | |

| | |
|---|---|
| THERESA BROOKE, | Case No.: 1:16-cv-1456-LJO-JLT |
| Plaintiff, | |
| v. | |
| JAYESHKUMAR PATEL, an individual; PRAFULBHAI PATEL, an individual, both individuals dba Budget Inn Modesto, | |
| Defendants. | |
| THERESA BROOKE, | Case No.: 1:16-cv-1465-AWI-JLT |
| Plaintiff, | |
| v. | |
| KHATRI BROTHERS, L.P., a California limited partnership dba Clarion Modesto, | |
| Defendant. | |
| THERESA BROOKE, | Case No.: 1:16-cv-1499-AWI- JLT |
| Plaintiff, | |
| v. | |
| A&A TARZANA PLAZA, LP, a California limited partnership dba Hilton Garden Inn Clovis, | |
| Defendant. | |
| THERESA BROOKE, | Case No.: 1:16-cv-1503-DAD- JLT |
| Plaintiff, | |
| v. | |
| THANDI ENTERPRISES, LLC, a California limited liability company dba Holiday Inn Express Fresno, | |
| Defendant. | |

| | | |
|---|---|---|
| 1 | THERESA BROOKE, | Case No.: 1:16-cv-1506-DAD- JLT |
| 2 | Plaintiff, | |
| 3 | v. | |
| 4 | FRESNO AIRPORT HOTELS, LLC, a California limited liability company dba Ramada Fresno Airport, | |
| 5 | | |
| 6 | Defendant. | |
| 7 | | Case No.: 1:16-cv-1508-LJO- JLT |
| 8 | THERESA BROOKE, | |
| 9 | Plaintiff, | |
| 10 | v. | |
| 11 | KAINTH BROTHERS, INC., a California corporation dba Country Inn Suites Fresno North, | |
| 12 | | |
| 13 | Defendant. | |
| 14 | THERESA BROOKE, | Case No.: 1:16-cv-1509-LJO- JLT |
| 15 | Plaintiff, | |
| 16 | v. | |
| 17 | SHIV HOTELS, LLC, a California limited liability company dba Hampton Inn Fresno, | |
| 18 | | |
| 19 | Defendant. | |
| 20 | | |
| 21 | THERESA BROOKE, | Case No.: 1:16-cv-1510-LJO- JLT |
| 22 | Plaintiff, | |
| 23 | v. | |
| 24 | SHIVKRUPA INVESTMENTS, INC., a California corporation dba La Quinta Inn Suites Fresno, | |
| 25 | | |
| 26 | Defendant. | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| THERESA BROOKE, | Case No.: 1:16-cv-1511-LJO- JLT |
| Plaintiff, | |
| v. | |
| SHRIGI, INC., a California corporation dba Welcome Inn Fresno, | |
| Defendant. | |

| | |
|---|---|
| THERESA BROOKE, | Case No.: 1:16-cv-1520-LJO- JLT |
| Plaintiff, | |
| v. | |
| THE DAE SUNG & HEE JAE CHA TRUST dba Quality Inn Tulare, | |
| Defendant. | |

| | |
|---|---|
| THERESA BROOKE, | Case No.: 1:16-cv-1521-AWI- JLT |
| Plaintiff, | |
| v. | |
| HANFORD INVESTORS, INC., a California corporation dba Comfort Inn Hanford, | |
| Defendant. | |

| | |
|---|---|
| THERESA BROOKE, | Case No.: 1:16-cv-1522-LJO- JLT |
| Plaintiff, | |
| v. | |
| INTERLINK PROPERTIES L.P., a California limited partnership dba Hampton Inn Visalia, | |
| Defendant. | |

| | |
|---|---|
| THERESA BROOKE, <br><br> Plaintiff, <br><br> v. <br><br> NMA HOSPITALITY LLC, a California limited liability company dba La Quinta Tulare, <br><br> Defendant. | Case No.: 1:16-cv-1529-DAD- JLT |
| THERESA BROOKE, <br><br> Plaintiff, <br><br> v. <br><br> TERRA INVESTMENTS I, LLC, a California limited liability company dba Charter Inn Suites, <br><br> Defendant. | Case No.: 1:16-cv-1530-DAD- JLT |
| THERESA BROOKE, <br><br> Plaintiff, <br><br> v. <br><br> PICADILLY INN UNIVERSITY, dba University Square Hotel, <br><br> Defendant. | Case No.: 1:16-cv-1594-AWI- JLT |
| THERESA BROOKE, <br><br> Plaintiff, <br><br> v. <br><br> DAYS INN OF FRESNO PARTNERSHIP, dba Days Inn Fresno Central, <br><br> Defendant. | Case No.: 1:16-cv-1595-DAD- JLT |

| | |
|---|---|
| THERESA BROOKE,<br><br>        Plaintiff,<br><br>    v.<br><br>PICADILLY INN EXPRESS,<br><br>        Defendant. | Case No.: 1:16-cv-1596-DAD- JLT |

The Court has issued an order to show cause based upon what appears to be a lack of standing and subject matter jurisdiction. In the order to show cause, the Court observed that the plaintiff *admits* to never having visited *any* of the locations at issue.

The plaintiff has now sought a 14-day extension of time to respond to the order. In part, she reports that her attorney is experiencing hardship caused by a medical imperative suffered by his wife; this is grounds for the extension of time. However, in larger part, she claims she needs time to *now* visit each of the locations *in order to establish* standing. In doing so, impliedly, the plaintiff admits that the claims she made in her complaints—that she intended to visit each of the defendants' locations due to "several upcoming planned visits"—was untrue. Thus, basis is improper and does not support the request for the extension of time. Rather her planned tactic when coupled with her earlier allegations appears to run afoul of Rule 11(b)(3) ["By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."] Thus, the Court **ORDERS**:

    1.    The request for the extension of time to **November 23, 2016** is **GRANTED**;

    2.    Regardless of whether the plaintiff files amended complaints, plaintiff[1] and her counsel **SHALL** show cause also why sanctions should not be imposed for making false allegations in the

---

[1] Plaintiff **SHALL** either explain how her earlier allegations were made in error or she SHALL provide evidence to demonstrate that she, indeed, had "upcoming planned visits" to the areas where the hotels are located and given these trips, where she stayed or intends to stay instead.

8

1 | complaints;

2 |       3.    Regardless of whether the plaintiff files amended complaints, plaintiff **SHALL** file points and authorities that demonstrates that she has stated a claim given the current posture of the case—where she had not visited the sites at issue at the time she filed her complaints but then, in an attempt to establish standing, purposefully visited the sites despite her "actual knowledge" that they failed to comply with the Americans with Disabilities Act.

IT IS SO ORDERED.

    Dated:   **October 28, 2016**           **/s/ Jennifer L. Thurston**
                                                   UNITED STATES MAGISTRATE JUDGE